[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF OPINION RE: MOTION FOR CONTEMPT
CT Page 3528
The plaintiff filed a Motion for Contempt for the failure of the defendant to pay periodic alimony as ordered by the court, Harrigan, J., on November 4, 1993. At a hearing held on March 13, 1995, the plaintiff testified that she had not received periodic alimony. Counsel agreed that the arrearage was between Sixteen Thousand ($16,000.00) Dollars, and Twenty-one Thousand ($21,000.00) Dollars, depending on the apportionment of certain funds that had been paid.
The defendant, through counsel, conceded that periodic alimony had not been paid for some time. The defendant claimed in a sworn financial affidavit that he had "retired" and that he had zero income. His previous assets of just over Seven Hundred Thousand ($700,000.00) Dollars, per his financial affidavit of December 5, 1994, had been reduced to approximately Two Hundred, Fifty Thousand ($250,000.00) Dollars, and that his debt was approximately the same on each affidavit.
The defendant, on cross-examination, admitted that while these sums of alimony were due, he had become engaged and purchased for his fiancee, an engagement ring which only coincidentally cost Twenty-one Thousand ($21,000.00) Dollars. In February of 1995, he hosted an engagement party for seventy (70) people at the Waterbury Country Club, where he remains a member. During the time he paid no periodic alimony, he traveled to Phoenix, Arizona and to Orlando, Florida, with his fiancee and her child.
The defendant claimed that he had made the lump sum alimony payment of Sixteen Thousand ($16,000.00) Dollars in January of 1995, and that he was unable to pay more. The court finds that the defendant willfully failed to honor the order of the court, and finds that he is in contempt. To come to this court and claim that he was unable to pay his former wife of forty years the periodic alimony award ordered by the court, and to flagrantly live like he could well-afford it, is reprehensible conduct. If he truly could not afford to meet the order of the court, then certainly he could not afford such a lavish gift to his intended second wife.
The court finds that his testimony lacks credibility, and that his financial affidavit is a sham. The court orders that the arrearage be fully paid within two (2) weeks or he shall be CT Page 3529 incarcerated until he fully complies.
The defendant is ordered to be in court on Tuesday, April 25, 1995 to submit to the sheriff, if he is not in full compliance with the order of this court.
The motion for contempt is granted. As further sanction for the contempt, the defendant is ordered to pay attorneys fees for this proceeding. Counsel for the plaintiff shall present an itemized bill for services rendered by April 18, 1995, and those fees shall be paid by April 25, 1995.
DRANGINIS, J.